STATE OF NORTH CAROLINA v. ROBERT EARL HINTON

No. 722SC379

(Filed 24 May 1972)

1. Criminal Law § 66— in-court identification — competency
    The trial court's finding that a robbery victim's in-court identification of defendant was not tainted by any unconstitutional pretrial identification procedure was supported by competent, clear and convincing evidence presented on *voir dire*.

2. Criminal Law § 162— necessity for objection to evidence
    The competency of evidence is not presented when there is no objection or exception to its admission.

3. Robbery § 3— cigar box — competency
    The trial court in an armed robbery prosecution did not err in the admission of a cigar box found under a bed near defendant's rented room where the robbery victim had testified that she poured money into a cigar box at defendant's direction.

State v. Hinton

**4. Criminal Law § 126— instructions — unanimity of verdict**
    In the absence of a request, the trial judge is not required to charge the jury that its verdict must be unanimous.

ON *certiorari* to review defendant's trial before *Hubbard, Judge,* 6 December 1970 Session of Superior Court held in MARTIN County.

The defendant, Robert Earl Hinton, was charged in separate bills of indictment proper in form with the armed robbery of Mary B. Heath of 50 to 60 dollars, the property of Mary B. Heath and J. E. Heath, doing business as Heath's Jewelry Co., Williamston, N. C., and with assaulting Clarence Biggs with a deadly weapon, to wit: a .22 caliber pistol with intent to kill inflicting serious injury.

Upon the defendant's plea of not guilty the State offered evidence tending to show the following:

At about 1:30 p.m. on 6 July 1970 the defendant entered Heath's Jewelry store in Williamston, North Carolina, and asked Mrs. Heath about a watch for Johnny Spruill. When Mrs. Heath went to look for the watch, the defendant said, ". . . (F)orget the watch because this is a hold-up." The defendant pulled a gun, pointed it at Mrs. Heath and directed her to get the money out of the safe and put it in a cigar box which the defendant brought with him into the store. Mrs. Heath took sixty to sixty-five dollars from the safe, including some quarters, dimes, and pennies, and following the directions of the defendant poured the money into the cigar box. Mrs. Heath testified: "He stuck the gun at me again. He said, 'Get over there, get me some rings.'" While Mrs. Heath was getting the rings, the door opened and a customer, Clarence Biggs, came in and the defendant went around the counter and shot Mr. Biggs in the back.

The defendant testified denying that he committed the crimes charged in the bills of indictment and offered evidence tending to establish an alibi. The jury found the defendant guilty as charged in both bills of indictment and from judgments imposing prison sentences the defendant gave notice of appeal to this Court.

*Attorney General Robert Morgan and Assistant Attorney General William F. O'Connell for the State.*

*James E. Keenan for defendant appellant.*

HEDRICK, Judge.

[1] By his first assignment of error the defendant contends the in court identification of the defendant by Mrs. Heath was tainted by unconstitutional out of court identification procedures. When the defendant objected to Mrs. Heath's testimony, the trial judge followed the procedure set out by Chief Justice Bobbitt in *State v. Moore* and *State v. Accor*, 277 N.C. 65, 175 S.E. 2d 583 (1970) by having a *voir dire* hearing in the absence of the jury, where, after hearing the testimony of three witnesses, including Mrs. Heath, he made detailed findings as to what Mrs. Heath observed during and immediately after the robbery and shooting and what occurred relative to the out of court identification procedure, and based on such findings, the trial judge concluded that the in court identification of the defendant by Mrs. Heath was not tainted by any unconstitutional out of court identification procedure suggestive or conducive to mistaken identification.

We have carefully reviewed the evidence in the record of the *voir dire* hearing and hold there is plenary, competent, clear and convincing evidence to support his honor's findings, and the findings support his ruling allowing the witness Heath to identify the defendant as being the person who robbed her and shot Clarence Biggs. *State v. McVay* and *State v. Simmons*, 279 N.C. 428, 183 S.E. 2d 652 (1971).

The defendant contends that the Court erred by allowing the State to introduce into evidence over defendant's objection a shirt spotted with paint and a cigar box prior to a showing of their relevancy and materiality. We do not agree. Five of the six exceptions upon which this assignment of error is based relate to the identification of the shirt as being the defendant's property. When the shirt was offered into evidence as an exhibit the defendant did not object.

[2] Competency of evidence is not presented when there is no objection or exception to its admission. 7 Strong, N. C. Index 2d, Trial, § 15. These exceptions have no merit.

The sixth exception in this group relates to the introduction of the cigar box into evidence as an exhibit.

[3] In criminal cases every circumstance that is calculated to throw light upon the supposed crime is relevant and admissible

if competent. 2 Strong, N. C. Index 2d, Criminal Law, § 33, p. 531. Since the evidence tended to show that the defendant brought a cigar box into the store and that Mrs. Heath poured the money into a box, we think the court properly admitted the cigar box found under the bed near the defendant's rented room as a relevant circumstance tending to throw light on the crime charged.

[4]  Finally, the defendant contends the Court committed prejudicial error in not instructing the jury that its verdict must be unanimous. This contention was considered and rejected in *State v. Ingland,* 278 N.C. 42, 178 S.E. 2d 577 (1970), where Justice Huskins said, "We hold that, in the absence of a request, a trial judge is not required to charge the jury that its verdict must be unanimous. Since the defendant has the right to have the jury polled, there is no apparent reason why the trial judge should be required in every case to so instruct." There was no request for such an instruction in the present case.

The defendant has other assignments of error which we have carefully considered and find to be without merit. In the defendant's trial, we find no prejudicial error.

No error.

Judges BRITT and PARKER concur.